# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WALTER JONES,**
**Claimant Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0960** (BOR Appeal No. 2051888)
(Claim No. 2015032205)

**SANITARY BOARD OF CHARLESTON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Walter Jones, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sanitary Board of Charleston, by H. Toney Stroud, its attorney, filed a timely response.

The issue on appeal is the addition of additional compensable components and authorization of left shoulder surgery. The claims administrator denied a request to add incomplete rotator cuff tear or rupture and primary osteoarthritis of the left shoulder as compensable conditions in the claim on June 20, 2016. On August 10, 2016, the claims administrator denied a request for arthroscopy of the left shoulder. The Office of Judges affirmed the decisions in its March 7, 2017, Order. The Order was affirmed by the Board of Review on September 27, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jones, a pump mechanic, was injured in the course of his employment on June 2, 2015, when a 655 pound drum fell off a truck and struck his left arm. A treatment note by MedExpress the day of the injury indicates he sustained abrasions on his left arm. X-rays of the left arm and ribs showed no fractures. Mr. Jones was diagnosed with left forearm contusion, prescribed a sling, and released to return to work at the sedentary level only. A June 7, 2015, treatment note by Angela Whitman, M.D., from MedExpress indicates Mr. Jones stated he was

1

ready to return to full duty. He denied any residual pain, swelling, or weakness. A physical examination was normal and he was released to return to full duty work.

A treatment note by Robert Stanley, M.D., dated July 6, 2015, indicates Mr. Jones reported left shoulder pain that started two weeks prior. Dr. Stanley diagnosed shoulder sprain, recommended Mr. Jones see his primary physician, and released him to return to work. John Pierson, M.D., treated Mr. Jones on August 20, 2015, and indicated that Mr. Jones had pain and limited range of motion in his left shoulder. X-rays of the shoulder showed a small subacromial spur and narrowing of the acromioclavicular joint. Dr. Pierson diagnosed left shoulder sprain and recommended an MRI.

Rebecca Thaxton, M.D., performed a physician review on September 22, 2015, in which she determined that left shoulder sprain/strain should not be added as a compensable condition in the claim. She stated that she found no medical evidence to support a compensable left shoulder injury. An October 31, 2015, left shoulder MRI showed acromioclavicular joint degeneration, possible tendinitis or a partial tear, and fluid in the biceps tendon suggestive of tendinitis.

On January 13, 2016, Dr. Pierson stated that Mr. Jones reported continued left shoulder pain, improved by a subacromial injection. He diagnosed incomplete left shoulder rotator cuff tear or rupture and primary osteoarthritis in the left shoulder. Dr. Pierson requested that incomplete left rotator cuff tear and primary osteoarthritis be added to the claim.

Dr. Thaxton performed a second physician review on April 14, 2016, in which she recommended that incomplete rotator cuff tear and primary osteoarthritis not be added to the claim. She found that the left shoulder was not a compensable component of the claim and opined that osteoarthritis is not an acute work-related diagnosis. On May 16, 2016, Dr. Pierson requested authorization for left shoulder arthroscopy stating that the operation was necessary to treat Mr. Jones's left shoulder tendinitis, bursitis, and possibly damaged muscles and tendons.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 19, 2016, in which he diagnosed left forearm contusion as a result of the compensable injury. He opined that the left shoulder complaints were the result of naturally occurring degenerative arthrosis. Dr. Mukkamala stated that while the imaging studies of the left shoulder suggested a supraspinatus tear, that diagnosis was not made by the radiologist. Further, even if Mr. Jones did have a partial tear, it would not be causally related to the compensable injury. Dr. Mukkamala opined that the requested diagnoses of partial supraspinatus tendon tear and left shoulder osteoarthritis are naturally occurring degenerative conditions that are unrelated to the compensable injury. He found no impairment for the compensable left forearm contusion.

On November 1, 2016, Mr. Jones testified in a deposition that he was struck in the left arm by a 655 pound barrel that fell off the back of a truck. He first had pain in his left arm and later in his left shoulder. He stated that he underwent treatment for a year for the left shoulder before surgery was recommended. Mr. Jones testified that he underwent surgery on June 13, 2016, and returned to light duty work two weeks later. He denied any left shoulder problems prior to the compensable injury.

In a January 5, 2017, supplemental report, Dr. Mukkamala stated that there is no credible, objective medical evidence to support the conclusion that Mr. Jones's left shoulder was injured on June 2, 2015. He noted that Mr. Jones did not report shoulder pain until twenty days after the compensable injury occurred. Dr. Mukkamala opined that Mr. Jones would have felt immediate pain in his left shoulder if he had sustained a left shoulder rotator cuff rupture when the compensable injury occurred. He further noted that imaging studies show the left shoulder rotator cuff tear was degenerative.

The claims administrator denied a request to add incomplete rotator cuff tear or rupture and primary osteoarthritis of the left shoulder as compensable conditions in the claim on June 20, 2016. On August 10, 2016, the claims administrator denied a request for arthroscopy of the left shoulder. The Office of Judges affirmed the decisions in its March 7, 2017, Order.

The Office of Judges found that the evidence of record failed to show a causal relationship between the requested diagnoses and the compensable injury. It concluded that Dr. Pierson, the treating orthopedist, failed to show that the requested diagnoses are related to the compensable injury. The MRI failed to definitively show a partial rotator cuff tear and Dr. Pierson stated in his treatment request that the left shoulder surgery was necessary for tendinitis, bursitis, and possible tendon and muscle damage. The Office of Judges therefore concluded that the record does not definitively show a diagnosis of a partial rotator cuff tear. It further found that if Mr. Jones does have a partial rotator cuff tear, it is the result of degenerative changes, not the compensable injury. Drs. Mukkamala and Thaxton both opined that a partial tear of the supraspinatus tendon would be due to naturally occurring degenerative changes, as seen on MRI, rather than a traumatic injury. The Office of Judges also found that Dr. Pierson's diagnosis update listed the injury as "incomplete rotator cuff tear or rupture, not specified as traumatic". His diagnosis was found to support the opinions of Drs. Mukkamala and Thaxton. Regarding the left shoulder surgery, the Office of Judges concluded that since the left shoulder is not a compensable component of the claim, surgery for such was properly denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on September 27, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence of record indicates Mr. Jones may have a left rotator cuff tear; however, it is the result of degenerative changes, not the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker